**UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA**

RECEIVED

2006 MAY -3 P 2: 16

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **PJ CONSTRUCTION &**<br>**SERVICES, INC** | ) )<br>) |
| **PLAINTIFF** | ) ) ) |
| **v.** | ) )  CIVIL ACTION NO. CV 2:06cv401-DRB |
| **TENDER CARE VETERINARY**<br>**HOSPITAL, INC., FIRST TUSKEGEE**<br>**BANK,**<br>**Fictitious Defendant "A"**<br>**whether singular or plural, the**<br>**persons, parties, corporation or other**<br>**entities whose conduct caused or**<br>**contributed to the injuries and damages**<br>**sustained by the Plaintiff, all whose true**<br>**and correct names are unknown to the**<br>**plaintiff at this time, but will be**<br>**substituted by amendment when**<br>**ascertained.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **DEFENDANTS.** | ) ) ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**JURY DEMANDED**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff, PJ Construction, through its undersigned attorneys, files this original Complaint
and alleges the following:

**PRELIMINARY STATEMENT**

This is an action for a Breach of Contract claim and related claims arising under the
Constitution of the United States of America, as lawfully amended.

## THE PARTIES

### PLAINTIFF

1.  Plaintiff, PJ Construction & Services, is a resident corporation doing business as general contractors in Montgomery County, Alabama. Plaintiff has substantial contacts outside of the State of Alabama and their activities have a direct and cumulative effect on interstate commerce.

### DEFENDANTS

2.  Defendant, property owner, a corporation, Tender Care Veterinary Hospital (herein referred to as "Tender Care)", is a resident corporation doing business in Montgomery County, Alabama.

3.  Defendant, First Tuskegee Bank (herein referred to as "Bank") is a financing company, and a resident corporation located in Macon County, doing business in Montgomery County, Alabama and various other counties in the State of Alabama. Defendant is a member of the Federal Deposit Insurance Corporation (FDIC) and has substantial contacts both directly and cumulatively inside and outside of the State of Alabama.

### VENUE AND JURISDICTION

4.  Plaintiff contracted with the Defendant Tender Care for the construction of a veterinary hospital via renovation of an existing structure as well as new construction located in Montgomery County, Alabama, to-wit: Tender Care Vet Hospital, Inc., 9570 Vaughn Road, Pike Road, Alabama (herein referred to as "project"). Defendant Bank was responsible for financing renovations and additional construction, and actively solicited Plaintiff to complete project. The governmentally funded to finance this project loan was obtained through the Small Business

2

Administration (SBA), and the utilization of the monies received from the proceeds of the loan, directly impact the commerce clause arising under the Constitution of the United States of America, as amended.

5. This Honorable Court has jurisdiction over the subject matter of the claims of this case pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1337(a). The Court further has supplemental jurisdiction over the subject matter of the state law causes of action pursuant to 28 U.S.C. § 1367(a).

6. Plaintiff acknowledges that this Honorable Court had full discretion to permit Pendent Claim Jurisdiction under 28 U.S.C. § 1367(a), and requests that the Honorable Court accepts Jurisdiction of the state based claims herein. A separate action has been filed in the Circuit Court of Montgomery, CV-2006-435, to include those state based claims, in which a copy will be submitted immediately to this Honorable Court upon request. Plaintiff avers that the State claims individually and cumulatively derives from a common nucleus of operative facts, as presented hereto.

7. The amount of damages and other relief sought in this case exceeds the minimum jurisdictional limit of this Honorable Court.

8. Venue of this suit lies in Montgomery County because a substantial part of the events giving rise to the claims alleged herein occurred within the County of Montgomery, and the parties all have sufficient contacts within the county. The filing of this suit in the United States District Court for The Middle District of Alabama is the correct forum.

## STATEMENT OF FACTS

9.    Plaintiff adopts and incorporates each and every allegation of paragraphs 1-8 above.

10.    Plaintiff made exhaustive attempts to recover payment for materials and labor that was owed by Defendant Tender Care and never received anything. The only recourse Plaintiff had was to file a lien and a lawsuit to protect the validity of the lien. The lien was filed on August 23, 2005 in the Montgomery County Probate Office, and the Complaint was filed in , which has been done in Circuit Court, Case Number: CV-2006-435

On or about October 13, 2004, Plaintiff entered into a contractual agreement with the Defendant to build a veterinary hospital. The construction was to take place at property located at 9570 Vaughn Road, Pike Road, Alabama; to include the commencement of new construction and completing various renovations of an existing structure on the premises.

11.    Defendant, Bank provided Defendant Tender Care with resources through the financing loaned specifically for constructing improvements to the property, *Administration of Small Business Administration Loan.*.

12.    Defendant, Bank solicited Plaintiff, knowing that Plaintiff was in the business of construction, and also a known customer of Defendant Bank, to complete the construction project, as a result of the failure of other contractors to do so in the past.

13.    Defendant, Bank was an integral part of the construction management process in that it had "sign off" authority on all payments made to Plaintiff.

14.    The contract summarily includes an agreement that the parties were to cooperate in order to reach a "target" total construction cost of said building at three hundred thousand dollars ($300,000.00). The "actual cost estimate" stated in the contract in order to complete said

4

project was three hundred and ninety-two thousand dollars ($392,000.00) and all parties were to participate with full cooperation and efforts in order to reduce said original "actual cost estimate" in order to reach the "target" cost.

15.    After Plaintiff commenced work on the building, Defendant Tender Care, refused to cooperate in reducing costs by ignoring opportunities to incorporate prudent cost cutting measures.  Defendant Tender Care instead inappropriately instituted a campaign of extreme micromanagement and constantly interfered with the Plaintiff's general contractor, sub-contractors, and suppliers, making it impossible to meet the targeted cost.

16.    On or about April 21, 2005, upon the approximately forty-two percent (42%) completion of said project, it became apparent to the Plaintiff that costs were not being reduced and the original estimate of three hundred and ninety-two thousand dollars ($392,000.00) would be impossible to reduce.  Conversely, Plaintiffs determined that the total cost of the project would exceed the original cost estimate, as a result of Defendant Tender Care's failure to comply with agreed upon prudent cost cutting measures and constant interference with Plaintiff's work.

17.    Plaintiff assesses that as a result of Defendant Tender Care's negligent and wanton actions, the reality of successfully completing the job per the original contract would be unattainable, regardless of the countless attempts by the Plaintiff to meet the contractual goals.

18.    Plaintiff sought help from Defendant Bank upon the realization that the project would be impossible to complete either at the "target cost" or at the "actual cost estimate", in order to attempt to mitigate damages.  Defendant Bank refused to provide additional assistance. In fact, Defendant Bank encouraged Plaintiff to continue to follow Defendant Tender Care's ineffective construction management.

19.    On July 14, 2005, Plaintiff implemented a work stoppage on said project to

5

appropriately mitigate future costs and expenses due to the lack of payment for work completed at that point to Plaintiff. At the time of the work stoppage, Defendant Tender Care owed and adamantly refused to pay Plaintiff one hundred thirty seven thousand, one hundred ninety eight dollars and forty-nine cents ($137,198.49). The total amount due at the time of said work stoppage represented the cost of labor, materials, subcontractor payments, and a 10% fee for improvements made to the building at the request of the Defendant Tender Care.

20.     On August 16, 2005, Plaintiff prudently filed a "construction lien" against property at the job site, in the Probate Office in Montgomery County. The lien was claimed to secure an indebtedness of one hundred thirty seven thousand, one hundred ninety eight dollars and forty-nine cents ($137,198.49) representing costs for labor and materials permanently affixed to Defendant Tender Care's building.

## CAUSES OF ACTION

### DEFENDANT TENDER CARE VETERINARY CLINIC

#### FIRST CAUSE OF ACTION
#### BREACH OF CONTRACT

21.     Plaintiff incorporates paragraphs 1 through 20 above as if more fully set forth herein and further avers as follows:

22.     On or about October 23, 2004, Plaintiff and Defendant Tender Care entered into a signed contractual agreement whereby Plaintiff agreed to immediately commence construction and repairs of the 9570 Vaughn Road, Pike Road, Alabama property owned by the Defendant Tender Care, to be fully financed by Defendant Bank.

23.     Plaintiff and Defendant Tender Care agreed to specific terms of the contract as follows: "The contractor, *in coordination with the owner* must reduce the initial unit cost

6

estimate to the guaranteed (*sic*) maximum price." (Original Agreement, Section 5.2.1) Plaintiff avers that Defendant Bank was aware of said specific terms of the contract and did knowingly and wantonly breach its required due diligence responsibility by refusing to actively engage Defendant Tender Care to comply with said contractual obligations.

24.    Plaintiff was reasonable in expecting that it had every right to rely upon all of the terms of the contract agreed to by the parties, as there was a "meeting of the minds", and Defendant Tender Care knew of the business and contractual rights of the Plaintiff.

25.    Defendant Tender Care breached said contract by demanding Plaintiff to implement additional improvements in lieu of specified reductions to the original plan, resulting in an increased cost of approximately twenty-five thousand dollars ($25,000.00).

26.    In conjunction with the cost of additional improvements, Plaintiff incurred certain unforeseen expenses that, according to section 7.6.3 of the contract were to be reimbursed by the Defendant Tender Care from funds financed by Defendant Bank.

27.    Plaintiff further avers said contract was valid and in full force and effect in which Plaintiff agreed to and further did commence work on Defendant Tender Care's aforementioned building for Defendant Tender Care's consideration of a promise to pay three-hundred thousand dollars ($300,000.00), financed by Defendant Bank. Additionally, Defendant's Tender Care and Bank ignored and actively, maliciously and wantonly breached the specific terms added into said contract requiring parties to cooperate in achieving targeted costs.

28.    Defendants adamantly refused to compensate Plaintiff for substantial additional unforeseen expenses; thereby leaving Plaintiff no alternative but to seek a legal remedy. Plaintiff had no alternative but to obtain a labor lien on August 16, 2005 for costs expended on said project.

29.    Defendant Tender Care demanded Plaintiff to perform additional construction work to a relative of an owner of Defendant Tender Care and guaranteed payment out of the funds appropriated by Defendant Bank. Said additional work completed by Plaintiff resulted in costs exceeding twelve hundred dollars ($1200.00) for labor and materials. Defendant Tender Care instructed Plaintiff to bill the business, but that bill remains unpaid due to the refusal of Defendant Bank to release funds for work performed at an alternate location from the Vaughn Road job site. As a result of the additional construction preformed at the demand of Defendant Tender Care, the Plaintiff incurred additional costs and lost time at the job site, which remains unpaid.

30.    In accordance with the terms of said contract, Plaintiff attempted to economize by using less expensive labor and materials; however, efforts by Plaintiff and Plaintiff's sub-contractors efforts were hampered by interference and lack of cooperation by Defendant Tender Care. Defendant has willfully and wantonly breached said contract by continuing to refuse to financially compensate Plaintiff for work, labor, and materials that Plaintiff has invested into the job site. Plaintiff has complied with all conditions precedent to employment contract.

31.    According to the *Civil Engineering Handbook* §. 5.8, construction contracts follow the "plain meaning rule" wherein words will be assigned their common meaning (Chen, *Civil Engineering Handbook* §5.8. Using any interpretation of the words employed in the agreement, it is obvious that both parties were to aid the other in mitigating the costs of repairs and construction of this building.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, attorney's fees and other relief to which he is entitled, to include interest allowable for non-timely payments to contractors and

8

subcontractors, other interest, and other costs deemed reasonable under the facts and circumstances of this case.

## DEFENDANT TENDER CARE VETERINARY CLINIC

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT

32.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-31 of the Complaint as if set forth fully herein.

33.    The Defendant Tender Care has no legitimate interest in, or right to the repairs and improvements the Plaintiff made to the Defendant Tender Care's building, along with additions made by the Plaintiff to properly complete the job including making additional repairs demanded by Defendant, Tender Care. Therefore, in equity and good conscience, Defendant Tender Care should not be allowed to retain such improvements.

34.    As a result, the Defendant Tender Care is liable for unjust enrichment and should be required to compensate the Plaintiff for work that has been done on the Defendant Tender Care's building.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## DEFENDANT TENDER CARE VETERINARY CLINIC

### THIRD CAUSE OF ACTION
### NEGLIGENCE AND WANTONNESS

35.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-34 of the Complaint as if set forth fully herein.

36.    The aforesaid injury to the Plaintiff occurred as a result of and was proximately caused by the careless, negligent and reckless conduct of the Defendants, which consisted inter alia of the following particulars:

(1) The Defendant Tender Care's failure to keep construction costs down, by accepting changes to the construction plan recommended by the Plaintiff.

(2) The Defendant Tender Care's requirement that the Plaintiffs make additions to the original plan as previously specified in this Complaint.

(3) The Defendant Bank's refusal to aid and abet the Plaintiff in his effort to collect money financed for the proper and safe completion of the building.

(4) The Defendant Tender Care's failure to provide the necessary permits for the proper completion of the project, as previously specified in this Complaint.

(5) The Defendant Tender Care's requirement that the Plaintiffs repair Pat Paterson's (Registered Agent of Corporation) relative's personal residence.

(6) The Defendant Tender Care's requirement that the Plaintiffs complete Dutch drains on Pat Paterson's personal residence.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## DEFENDANT TENDER CARE VETERINARY CLINIC

## FOURTH CAUSE OF ACTION

10

## TORTIOUS INTERFERENCE WITH CONTRACT

37.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-36 of the Complaint as if set forth fully herein.

38.    Plaintiff avers that the Defendant Tender Care and the Plaintiff entered into a contractual agreement on or about October 23, 2004 for construction and repairs of the 9570 Vaughn Road, Pike Road, Alabama property owned by the Defendant.

39.    Plaintiff avers that the Defendant Tender Care and the Defendant First Tuskegee Bank were aware of the contractual agreement between the Plaintiff and Defendant Tender Care.

40.    Plaintiff avers that the Defendant Tender Care interfered with the completion of the project, which consisted inter alia of the following particulars:

(1.)    The Defendant Tender Care's refusal to approve cost cutting measures or accepting changes to the construction plan as proposed by the Plaintiff in accordance with the original contract, making it impossible to complete the job for the original agreed upon price.

(2.)    The Defendant Tender Care's requirement that the Plaintiff incur additional costs for items such as those already mentioned in Paragraphs previously in this complaint, making completion of the project more time consuming and cost prohibitive.

(3.)    The Defendant Tender Care's requirement that the Plaintiff perform work on the Defendant Tender Care's owner's and relative's residences, incurring additional cost, and putting the Plaintiff behind the agreed upon schedule.

(4.)    Defendant Bank failed to equitably provide Plaintiff with the funds originally dedicated for the completion of the Defendant Tender Care's building.

41.    As a result of this behavior by the Defendants, it was impossible for the Plaintiff

11

to complete the terms of the contract to its satisfaction within the agreed upon budget and time frame and was never paid the remainder of the contract, reimbursed for materials or additional fees and expenses.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## DEFENDANT TENDER CARE VETERINARY CLINIC

### FIFTH CAUSE OF ACTION
### CONVERSION

42.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-41 of the Complaint as if set forth fully herein.

43.    The Plaintiff avers that it provided material and labor during the course of the contract for the benefit of Defendant Tender Care and the Defendant Bank.  When the Plaintiff had to leave the site, they were unable to recapture materials already made part of the building and labor that was already employed in the construction thereof.

44.    Plaintiff avers that the Defendant Tender Care and the Defendant Bank have used these materials and labor for their own benefit without properly and equitably compensating Plaintiff, thereby depriving Plaintiff from benefit, value and use of its own property.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## DEFENDANT TENDER CARE VETERINARY CLINIC

### SIXTH CAUSE OF ACTION
### FRAUD

45.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-44 of the Complaint as if set forth fully herein

46.    This action is brought pursuant to Rule 9 (b) Code of Alabama 1975 §§ 6-5-101, 6-5-102 and 6-5-103 for innocent misrepresentation, fraudulently misrepresenting material facts and willful misrepresentation.  This action is also brought pursuant to 15 USC § 645 (d) Aid to Small Businesses, misrepresentation of a Small Business Loan.

47.    The Plaintiff negotiated with Defendant Tender Care and Bank, regarding the repair and rebuilding of Building wherein all parties involved covenanted to diminish the costs of construction.  Defendant Tender Care and Defendant Bank promised the Plaintiff that they would be compensated for their work and promoted that the work could be performed under the aforementioned costs and conditions.  Defendant Tender Care engaged Plaintiff based upon the false assurances made by Defendant Tender Care and Defendant Bank.

48.    The representations made by Defendant Tender Care and Defendant Bank were material and false and the Defendants knew or should have known that they were material and false at the time asserted.

49.    Defendant Tender Care had previously entered into agreements with a number of general contractors who were not able to perform the work as required for the price stated.  As a result of Defendant Tender Care's knowledge and recent experience with the project, they knew or should have known that, including additional costs and expenses added by the Defendant Tender Care; it would be impossible for the Plaintiff to perform the work as required by the

13

contract.

50.     Defendant Bank had previously entered into agreements with other general contractors to complete work on said project. Defendant Bank knew or should have known that the Defendant Tender Care acted inappropriately in failing to aid the previous contractors to mitigate costs, as well as the failure to pay other general contractors as agreed.

51.     Plaintiff relied upon these representations and false assurances to Plaintiff's detriment, and acted upon them by entering into said agreement with the Defendants. The Plaintiff's reliance was justified under the circumstances in relying upon Defendants representations.

52.     As a part of this job, the Plaintiff was required to spend their time and money completing repairs to the Defendant Tender Care's owner's and owner's relative's personal residences.

53.     As a proximate result of said fraud, the Plaintiff was caused to suffer financially by spending money on materials, and labor; much of which is already permanently installed in Defendant Tender Care's building.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## DEFENDANT FIRST TUSKEGEE BANK

### FIRST CAUSE OF ACTION
### BREACH OF ACTUAL AND CONSTRUCTIVE CONTRACT

54.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-54

of the Complaint as if set forth fully herein.

55.    Defendant, Bank facilitated a loan for Defendant, Tender Care's business through a federal governmental sponsored program (Small Business Administration) designed to enable individuals who meet certain criteria to overcome disadvantages in the marketplace.

56.    Defendant, Bank, maliciously and wantonly breached the written contract between the Plaintiff and Defendant, Tender Care that specifically named a project manager and alternate project manager, none of whom were individuals from the Bank, but specifically members of the Plaintiff's company.

57.    Defendant Bank promised the Plaintiff that they would be compensated for their work and Plaintiff was further promised that the work could be performed under the aforementioned costs and conditions.

58.    Defendant Bank made assurances in conjunction with Defendant Tender Care and other parties that the contractual agreement would be upheld and implemented; however, it ignored the core elements of the contract.

59.    Plaintiff was reasonable in expecting that it had every right to rely upon all of the terms of the contract agreed to by the parties, as there was a "meeting of the minds", and Defendant Bank knew of the business and contractual rights of the Plaintiff.

60.    Defendant Bank interfered with the business relationship between the Plaintiff and Defendant Tender Care and said interference was malicious, wrongful and intentional.

61.    Defendant Bank's activities and interference were not justified or excusable.

62.    Defendant Bank assumed the duties of construction manager by measuring work completed; was directly involved in the payment approval cycle, in contradiction to the contract. The contract between the parties specifically named a project manager and alternate project

manager.

63.    Although Defendant Bank assumed the role of project or construction manager, there was no cooperation to uphold payment obligations by Defendant Tender Care. Defendant Bank improperly went to the extent of allowing checks originally made payable to Plaintiff to be cancelled.

64.    Defendant Bank's conduct caused the breach of contract and the conduct of Defendant Bank caused the Plaintiff's damages.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## DEFENDANT FIRST TUSKEGEE BANK
## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

65.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-64 of the Complaint as if set forth fully herein.

66.    Plaintiff was hired to work on Defendant Tender Care's property as cited above; however, Defendant Bank has a vested interest in the property and received benefit from the Plaintiff's improvements of the land and the property.

67.    Defendant Bank interfered with payment of Plaintiff's materials and labor and did not fulfill or uphold the duties as expected in the safe and sound banking practices in the industry. Additionally, Defendant Bank failed to exercise a degree of care and diligence required by law.

68.    Defendant Bank made a commitment to the Plaintiff and the results of the

Defendant Bank violating its commitment was not foreseeable by Plaintiff; thereby, the Plaintiff relied upon the promises made by Defendant Bank, which reasonably included compensation to Plaintiff for materials and labor.

69.      Not only did Defendant Bank retain its collateral in the existing property prior to the improvements, but also benefited from the increased value of the property with the improvements specified previously in this Complaint.  Additionally, Defendant Bank benefited from the use of the funds that were not properly disbursed and gained interested on said funds; hence Defendant Bank enjoyed unjust enrichment at the expense of Plaintiff.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

**DEFENDANT FIRST TUSKEGEE BANK**
**THIRD CAUSE OF ACTION**
**CONVERSION**

70.      Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-69 of the Complaint as if set forth fully herein.

71.      Plaintiff made improvements to the land that the Bank owned and Plaintiff did not receive any benefit from his labor and materials used on the property.

72.      The materials the Plaintiff used in the construction and/or renovations remain on the property and Defendant Bank has and continues to exercise dominion over the property including the materials.

73.      Defendant Bank has not and continues to refuse to act in good faith by approving

17

and compensating Plaintiff for his materials.

74.     Defendant Bank has maintained control over the Plaintiffs goods and materials for an extended period of duration, as construction commenced on or about October 2004.

75.     The dominion of Defendant Bank over the property has been extreme and unreasonable, and such dominion not only interfered with Plaintiff's business venture, but also caused inconvenience and expense to Plaintiff.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

**DEFENDANT FIRST TUSKEGEE BANK**
**FOURTH CAUSE OF ACTION**
**NEGLIGENCE AND WANTONNESS**

76.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-75 of the Complaint as if set forth fully herein.

77.     Defendant Bank failed to use safe and sound banking practices which is a generally and customary practice in the industry.

78.     Defendant Bank, acting as construction manager at its own representation, refused to act responsibly and in fair dealing with Plaintiff and further failed to aid Plaintiff in its effort to collect money from Defendant Tender Care with a justifiable request and right to full compensation for work completed.

79.     Defendant Bank acted inappropriately by negligently inducing the Plaintiff to engage in the contract to work on a job in which Defendant Bank knew or should have known that had prior failures due to the unreasonableness and interference by Defendant Tender Care.

18

80.    Defendant Bank knew or should have known that the risk of Plaintiff's involvement on a job in which others in the past have failed to complete was unreasonable and of such magnitude as to outweigh the expectation of what a reasonable person would possess.

81.    Defendant Bank participated in said project with wanton recklessness by substantially fading the lines of the Bank's responsibility; whereby, the Bank did not participate in the contractual activities and obligations at "arm's length" and did not specifically protect the appropriate interests of the Plaintiff. The implication was made in that Defendant Bank both hired Plaintiff, knew of the funds in the Plaintiff's private accounts, made assurances to Plaintiff that were false, and acted inappropriately in the role of a construction manager. Defendant Bank failed to conduct business fairly thereby injuring the Plaintiff and violating Plaintiff's reasonable expectations.

82.    Defendant Bank conspired with Defendant Tender Care with reckless disregard and failed to uphold any and all assurances made to Plaintiff in an attempt to induce and force Plaintiff to participate in the enrichment of Defendant Tender Care's personal property under the guise of utilizing a loan disbursed and dedicated specifically to a business venture as approved by the federal government.

83.    Defendant Bank exceeded its special and fiduciary duty to Defendant Tender Care constantly. First of all, Defendant Bank had a special duty to the Plaintiff when it did not disclose it loyalty to Defendant Tender Care, and misrepresented such. Furthermore, Defendant Bank induced Plaintiff to participate in the project, hired an Estimator and failed to remain a neutral party to all, except to Defendant Tender Care.

84.    The activities of Defendant Bank toward the Plaintiff is outrageous and if not punished, it is the fear of the Plaintiff that Defendant Bank will continue to misuse its authority

and continue to harm others who are unaware of Defendant Bank's intentions to enrich its position at all cost.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

**DEFENDANT FIRST TUSKEGEE BANK**
**FIFTH CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH CONTRACT**

85.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-84 of the Complaint as if set forth fully herein.

86.    Defendant Bank knew or should have known of a valid contract that existed between Defendant Tender Care and Plaintiff.

87.    Defendant Bank intentionally and improperly interfered with the performance of the contract for this project by inducing and causing the Plaintiff not to perform the project to completion and is responsible to for the pecuniary loss suffered by the Plaintiff.

88.    Defendant Bank assumed the role of project and construction manager when its interest was not in the successful completion compensation of the Plaintiff.

89.    Plaintiff did not receive the funds that were promised by Defendant Bank to complete the construction project; however, it relied upon the assurances of Defendant Bank and was made to suffer an extensive pecuniary loss.  Plaintiff lost the use of his own funds, the interest that could have been made to benefit Plaintiff and only enriched Defendant Bank's position.

20

90.    Defendant Bank freely and tortiously interfered with the rights of the parties who entered into a valid contract and continuously participated in stopping the progress of the construction with malice.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

### DEFENDANT FIRST TUSKEGEE BANK
### SIXTH CAUSE OF ACTION
### FRAUD

91.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-90 of the Complaint as if set forth fully herein.

92.    This action is brought pursuant to the Code of Alabama 1975 §§ 6-5-101, 6-5-102 and 6-5-103 for innocent misrepresentation, fraudulently misrepresenting material facts and willful misrepresentation.

93.    Defendant Bank knew or should have known that monies secured through an SBA loan is a government sponsored loan available for use by individuals, meeting specifically mandated criterion to utilize funds for specific purposes, such as developing or building a small business.

94.    Defendant Bank knew or should have known by properly conducting Due Diligence practices that fraud was being committed by the misuse of the SBA funds by Defendant Tender Care's construction project and that the money was being improperly utilized.

95.    The representations made by Defendant Bank were material and false and the

21

Defendants knew or should have known that they were material and false at the time asserted.

96.     Defendant Bank had previously entered into agreements with other general contractors to complete work on said project. Defendant Bank knew or should have known that the Defendant Tender Care acted inappropriately in failing to aid the previous contractors to mitigate costs, as well as the failure to pay other general contractors as agreed.

97.     Defendant Bank used its special relationship as banker to Plaintiff in order to influence Plaintiff's participation in the project and Defendant Bank intended that Plaintiff act upon the fraudulent assurances.

98.     Plaintiff's participation in the project as a result of the fraudulent misrepresentations made by Defendant Bank resulted in injury to Plaintiff.

99.     Defendant Bank's loan officer, on behalf of Defendant Bank, committed an actionable omission in that it has a duty to speak to protect and defend the integrity of the SBA loan when it knew or should have known that Defendant Tender Care was misappropriating government funds. Defendant Bank's concealment of the truth was fraudulent in the most damaging way.

100.     Defendant Bank's concealment of the truth of how the government subsidized funds were being utilized by Defendant Tender Care harmed others in the nation who could have benefited from the monies that are classified by the government as those to be allocated to a "special needs class".

101.     Defendant Bank's actions of omissions of the fraudulent activities of Defendant Tender Care places Defendant Bank in the position of aiding Defendant Tender Care in violation of federal criminal law.

102.     As a proximate result of said fraud, the Plaintiff was caused to suffer financially

22

by spending money on materials, and labor; much of which is already permanently installed in Defendant Tender Care's building.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

### DEFENDANT FIRST TUSKEGEE BANK
### SEVENTH CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

103.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-102 of the Complaint as if set forth fully herein.

104.    In every contract, there are implied covenants of good faith and fair dealing. Defendant Bank and its agents violated the implied covenants of good faith and fair dealing. These implied covenants obligated Defendant Bank to deal fairly and in good faith without placing its own interests first while injuring the Plaintiff.

105.    Defendant Bank created a special fiduciary relationship with Plaintiff when it assumed the role of construction manager after it hired Plaintiff to engage work for Defendant Tender Care. Defendant Bank never clarified its neutrality, but instead assured Plaintiff of his future success and payments out of the loan proceeds for materials and work completed on the project.

106.    Plaintiff reasonably relied on the assurances made by Defendant Bank and accepted the trust that the Defendant Bank was a fiduciary with respect to said construction project.

107.    Plaintiff's reliance on the Defendant Bank caused injuries to the Plaintiff to

23

include but not limited to the loss of property, the loss of benefit of use of cash, loss of time, loss of labor and loss of expected proceeds upon completion of the project.

108. Defendant Bank allowed Defendant Tender Care to "reap the fruits of the contract" without compensating Plaintiff.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## DEFENDANT FIRST TUSKEGEE BANK
## OUTRAGE

109. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-108 of the Complaint as if set forth fully herein.

110. Defendant Bank intentionally or recklessly caused the members of the PJ Construction Corporation suffer severe emotional stress and caused the destruction of the company itself.

111. Defendant Bank solicited and encouraged Plaintiff to enter a contract for a job that had no reasonable expectation of completion based on the past failures of other contractors.

112. Defendant Bank failed to pay or further cooperate in enabling such compensation to process per the terms of the contract. In fact, a representative of Defendant Bank advised, "You keep working. I will fix it." Plaintiff relied upon the instructions and assurances given to them by Defendant Bank and their representatives. Plaintiff invested resources such as money, labor, the ability to work on other jobs or seek out other jobs, and most importantly personal relationships within the company itself due to the severe stress caused by Defendant Bank and

24

Defendant Tender Care.

113.    Defendant Bank, while acting as construction manager for said project failed to
participate in the goal of all parties to the contract to utilize any and all cost cutting measures to
ensure that the project will reach the "target" cost, as specifically set out in the written contract.

114.    Defendant Bank hired the estimator and quantity manager on their payroll and
expected Plaintiff to accept and comply with the findings made.

115.    Defendant Bank's actions were so outrageous in character and reached such
extreme degrees as to go beyond all possible bounds of decency.

116.    Defendant Bank's actions exceeded any and all expectations of violating basic
contractual concepts of "fair dealing" and "arms-length transactions" that literally caused
destruction of a contractor's business.  Plaintiff was expected to endure such bizarre activities
between the parties that it shocks the conscience of any reasonable man.

117.    Defendant Bank's activities and actions are atrocious and intolerable in a decent
society and Defendant Bank should be punished in order to prevent them from committing such
unbelievable activities in the future to trusting customers.

118.    The emotional distress that Defendant Bank caused Plaintiff to suffer so severely
that no reasonable person could be expected to endure it.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an
amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to
which he is entitled and other costs deemed reasonable under the facts and circumstances of this
case.

RESPECTFULLY SUBMITTED this 3rd day of May 2006.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES**

RESPECTFULLY SUBMITTED this 3rd day of May 2006.

_____
VIRGINIA R. LUCCI (LUC 020)
Attorney for the Plaintiff

OF COUNSEL:

NELSON LAW LLC
25 South Court Street
Montgomery, Alabama 36104
Telephone No. (334) 834-5700
Facsimile No. (334) 834-5533

26

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of the same in the United States mail, first class postage prepaid and addressed as follows:

**Robert Ward, Esquire**
Attorney for First Tuskegee Bank
Rushton, Stakely, Johnston & Garrett
PO Box 270
Montgomery, Alabama 36101-0270

**Bob Allen, Esquire**
Attorney for Tender Care Vet Hospital
PO Box 908
Millbrook, AL 36054-0908

Done this the _____3rd_____ day of May, 2006.

VIRGINIA R. LUCCI