# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| PJ CONSTRUCTION AND SERVICES, INC., | \| |
| Plaintiff, | \| |
| vs. | \|   CASE NO. 2:06-cv-00401-WHA |
| TENDER CARE VETERINARY HOSPITAL, INC., and FIRST TUSKEGEE BANK, et. al., | \| |
| Defendants. | \| |

## DEFENDANT FIRST TUSKEGEE BANK'S MOTION TO DISMISS

COMES NOW Defendant First Tuskegee Bank and specially appears solely for the limited purpose of moving this Honorable Court to dismiss the Complaint in the above-styled case on the grounds that the Court lacks jurisdiction and on the grounds that Plaintiff PJ Construction and Services, Inc., ("PJ Construction") is currently pursuing substantially similar, if not identical, claims in state court proceedings. In support of this motion, First Tuskegee Bank would state as follows:

1. PJ Construction commenced this action by filing a Complaint in this Court on May 3, 2006. In its Complaint, PJ Construction alleges state-law claims against Tender Care Veterinary Hospital, Inc.,

("Tender Care") and First Tuskegee Bank for breach of contract, unjust enrichment, negligence and wantonness, tortious interference with a contract, conversion, fraud, breach of covenant of good faith and fair dealing, and outrage. [Doc. 1.]

2. First Tuskegee Bank was served on May 12, and its Answer is due June 1, 2006. [Doc. 6.]

3. On May 11, 2006, this Court issued an Order providing that, on or before May 26, 2006, PJ Construction "shall show cause why this case should not be dismissed for lack of subject matter jurisdiction." [Doc. 5.]

4. In its Order, the Court stated that "[i]t does not appear from a review of the complaint that the plaintiff presents a federal question to invoke this court's federal question jurisdiction. *See* 28 U.S.C. § 1331. In addition, although the amount on [sic] controversy exceeds $75,000, it appears that all the parties are from Alabama. Consequently, there does not appear to be diversity jurisdiction. *See* 28 U.S.C. § 1332." [*Id*.]

5. Similarly, it is First Tuskegee Bank's position that the Complaint is not sufficiently pled to invoke the subject-matter jurisdiction of this Court. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

377 (1994); *see also* <u>Johnston v. Byrd</u>, 354 F.2d 982 (5th Cir. 1965) (affirming dismissal of complaint for want of subject matter jurisdiction because the complaint did not raise a federal question and stating that "[i]n order to invoke the jurisdiction of a federal court *there must be a substantial claim founded directly upon federal law*") (emphasis added; citations omitted); <u>Ricks v. United States</u>, 434 F. Supp. 1262, 1273 (S.D. Ga. 1976) (dismissing borrower's fraud claim against bank for lack of subject matter jurisdiction in context of SBA loan).

6. Moreover, First Tuskegee Bank does not concede federal jurisdiction in this matter.[1]

7. In addition, PJ Construction admits that it has filed a separate action in Montgomery County Circuit Court and "requests that the Honorable Court accepts Jurisdiction of the state based claims herein." The claims alleged in that action "individually and cumulatively derives [sic] from a common nucleus of facts."[2] [Doc. 1, ¶6.]

---

[1] As noted in the Court's Order, the Court may dismiss the action for lack of jurisdiction "even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990)." [Doc. 5, pgs. 1-2.]

[2] A copy of the Montgomery Circuit Court complaint is attached hereto as Exhibit A.

8. PJ Construction also admits that a lien was filed on August 23, 2005, in Montgomery County Probate Court relating to the same claims presented both in this Court and the current litigation in state court.[3] [Doc 1, ¶¶10, 20.]

9. Apparently, PJ Construction is asking this Court to assume supplemental jurisdiction over the claims already filed and pending in state court. First Tuskegee Bank contends that there is no legal basis for this Court to grant PJ Construction's request.

10. Alabama law specifically provides that a plaintiff cannot pursue the same claims in both federal and state court. *See* Ala. Code (1975) §6-5-440 ("No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party"); Weaver v. Hood, 577 So. 2d 440, 441-42 (Ala. 1991) (applying same and stating that "[t]he phrase 'courts of this state,' as used in §6-5-440, includes all federal courts located in Alabama").

11. Moreover, in accordance with 28 USCS § 1367(c)(2), the Court may decline to exercise supplemental jurisdiction if "the [state-based] claim substantially predominates over the claim or claims over which the district court has original jurisdiction."

---

[3] A copy of the lien filed in Montgomery County Probate Court is attached hereto as Exhibit B.

WHEREFORE, First Tuskegee Bank moves this Honorable Court pursuant to Fed. R. Civ. P. 12(h)(3) to dismiss this action for lack of subject matter jurisdiction and on the grounds that Plaintiff PJ Construction and Services, Inc., is currently pursuing substantially similar, if not identical, claims in state court proceedings.

Respectfully submitted this 23rd day of May 2006.

/s/ Bethany L. Bolger_____
Robert C. Ward, Jr. (WAR038)
Bethany L. Bolger (BOL035)
Attorneys for Defendant
First Tuskegee Bank

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama  36101-0270
Attorneys for Defendant First Tuskegee Bank
(334) 206-3229 (phone)
(334) 481-0062 (fax)
rcw@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of May 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

    Bob E. Allen, Esq.
    Post Office Box 908
    Millbrook, AL  36054-0908

    Virginia R. Lucci, Esq.
    Nelson Law
    25 South Court Street
    Montgomery, Alabama 36104

                               _/s/ Bethany L. Bolger_____
                               OF COUNSEL