UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PJ CONSTRUCTION AND SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| | ) | CASE NO. 2:06-cv-00401—WHA |
| TENDER CARE VETERINARY HOSPITAL, INC., AND FIRST TUSKEGEE BANK, et. al., | ) ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANT TENDER CARE VETERINARY HOSPITAL, INC. MOTION TO DISMISS

COMES NOW Defendant, Tender Care Veterinary Hospital, Inc. ("Tender Care") and appears solely for the purpose of moving this Honorable Court to dismiss the Complaint in the above-styled case on the ground that the Court lacks jurisdiction and on the further ground that Plaintiff, PJ Construction and Services, Inc., ("PJ Construction") is pursuing almost identical claims in a State Circuit Court proceeding. In support of this Motion to Dismiss, Tender Care states as follows:

1. PJ Construction began this action by filing a Complaint in this Court on May 3, 2006. In the complaint, PJ Construction alleges state-law claims against Tender Care and First Tuskegee Bank for breach of contract, unjust enrichment, negligence, wantonness, tortuous interference with a contract, conversion, fraud, breach of covenant of good faith and fair dealing and outrage.

2. Tender Care was served on May 11, 2006 and its Answer is due on or before May 31, 2006.

3. On May 11, 2006, this Court issued an Order providing that, on or before May 26, 2006, PJ Construction "shall show cause why this case should not be dismissed for lack of subject mater jurisdiction."

4. In the Order the Court further said that "[i]t does not appear from a review of the complaint that the plaintiff presents a federal question to invoke this Court's federal question jurisdiction. See 28 U.S.C. Section 1331. In addition it appears that all the parties are from Alabama. Consequently, there does not appear to be diversity jurisdiction. 28 U.S.C. Section 1332."

5. The Complaint is not sufficiently pled to invoke the subject-matter jurisdiction of this Court. See Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 377 (1994); Also, Johnston v. Byrd, 354 F.3d 982 (5th Circuit 1965). Johnston affirms the dismissal of the complaint for lack of subject matter jurisdiction because the complaint does not raise a federal question. Further the Court stated that "in order to invoke the jurisdiction of a federal court there must be a substantial claim founded directly upon federal law." Ricks v. United States 434 F. Supp. 1262, 1273 (1976) (In this case the borrower's fraud claim against bank for lack of subject matter jurisdiction was dismissed against in the context of a SBA loan).

6. Tender Care does not concede federal jurisdiction in this matter.

7. PJ admits that it has filed a separate action in Montgomery County Circuit Court and "requests that the Federal Court accept Jurisdiction of the state based claims raised herein." Plaintiff avers that the State claims individually and cumulatively derives

from a common nucleus of operative facts as presented herein. (See paragraph 6, Complaint filed in District Court)

8.  PJ Construction admits that a lien was filed on August 23, 2005, in Montgomery County Probate Court and the current litigation in the State Court. (Paragraphs 10, 20, Complaint filed in District Court.)

9.  PJ Construction is requesting this Court to assume jurisdiction over claims already filed and pending in Montgomery County Circuit Court. Defendant Tender Care submits that there is no legal ground for this Court to grant PJ Construction's request.

10.  Alabama law clearly states that a plaintiff cannot pursue the same claims in both federal and state court. See 6-5-440 (Ala. Code (1975). ("No plaintiff is entitled to prosecute two actions the courts of this state at the same time for the same cause and against the same party.") Weaver v. Hood, 577 So, 2d 440, 441-42 (Ala. 1991) (applying the Alabama Code and stating that "the phrase 'Courts of this state,' as used in 6-5-440, includes all federal courts located in Alabama").

THEREFORE, Defendant Tender Care moves this Court pursuant to Fed. R. Civ. P. 12(h)(3) to dismiss this action due to lack of matter jurisdiction and further, on the grounds that the Plaintiff is pursuing almost identical claims in state court proceedings.

Respectfully submitted this 26th day of May, 2006.

_____
BOB E. ALLEN (ALL020)
Attorney for Defendant
Tender Care Veterinary Hospital, Inc.

OF COUNSEL:

Bob E. Allen
P.O. Box 908
Millbrook, Alabama 36054
Attorney for Tender Care Veterinary Hospital, Inc.
Phone: (334) 285-0990
Fax:   (334) 285-0980
e-mail: bobeallen@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2006, I served the foregoing Motion on the following by fax and by First Class Mail, postage prepaid:

Robert C. Ward, Jr., Esq.
Bethany L. Bolger, Esq.
Attorneys for Defendant
First Tuskegee Bank
P.O Box 270
Montgomery, AL 36101-0270

Virginia R. Lucci, Esq.
Nelson Law
25 South Court Street
Montgomery, AL 36104

OF COUNSEL