IN THE CIRCUIT COURT
OF MONTGOMERY COUNTY, ALABAMA

PJ CONSTRUCTION &      )
SERVICES, INC.      )
     )
    PLAINTIFF      )
     )
v.      )      CIVIL ACTION NO. CV_____
     )
TENDER CARE VETERINARY      )
HOSPITAL, INC.      )
     )
    DEFENDANT      )

2006 FEB 15 | PM 1:07

COMES NOW Plaintiff, P.J. Construction & Services, Inc. (hereinafter referred to as Plaintiff), by and through undersigned counsel and hereby complains of Defendant as follows:

## PARTIES

1. P.J. Construction & Services, (herein referred to as Plaintiff), is a resident corporation doing business as general contractors in Montgomery County, Alabama.

2. Defendant, property owner, a corporation, Tender Care Veterinary Hospital, Inc. (herein referred to as Defendant), is a resident corporation doing business in Pike Road, Montgomery County, Alabama.

## VENUE AND JURISDICTION

3. Plaintiff contracted with the Defendant for the construction of a veterinary hospital via renovation of an existing structure and commencement of new construction located in Montgomery County, Alabama, to-wit: Tender Care Veterinary Hospital, Inc., 9570 Vaughn Road, Pike Road, Alabama (herein referred to as "project").

4. Defendant was responsible for seeking out and securing approval for the appropriate financing to be utilized for the specified renovations and additional construction provided for in the contract.

5. After brief negotiations, Plaintiff and Defendant then reduced their agreement to writing and signed; hence, both parties entered into a written contractual agreement to commence said construction project in Montgomery County, Alabama.

6. The amount of damages and other relief sought in this case exceeds the minimum jurisdictional limit of this Honorable Court.

7. Venue of this suit lies in Montgomery County because a substantial part of the events giving rise to the claims alleged herein occurred within the County of Montgomery.

## STATEMENT OF FACTS

8. Plaintiff adopts and incorporates each and every allegation of paragraphs 1-7 above as if fully set out herein.

9. On or about October 13, 2004, Plaintiff entered into a contractual agreement with the Defendant to build a veterinary hospital via renovation of an existing structure and additionally to commence new construction. Said construction was to take place at property located at 9570 Vaughn Road, Pike Road, Alabama.

10. Defendant sought out and secured financing in order to obtain resources for the purposes of implementing plans to commence new construction and renovations; however, Defendants did not secure financing immediately prior to the construction performed by Plaintiff.

11.    Defendant learned that the plans that were subject of said contract between Defendant and Plaintiff had previously been implemented and several different contractors had done various portions of the work at the project side; however, had subsequently ceased construction.

12.    The contract summarily includes an agreement that the parties were to cooperate in order to reach a "target" total construction cost of said building at three hundred thousand dollars ($300,000.00).  The "actual cost estimate" stated in the contract in order to complete said project was three hundred and ninety-two thousand dollars ($392,000.00) and all parties were to participate with full cooperation and efforts in order to reduce said original "actual cost estimate" in order to reach the "target" cost.

13.    After Plaintiff commenced work on the building, Defendant, refused to cooperate in various ways, but particularly in conducting activities that would reduce costs, and ignored all opportunities to incorporate prudent cost cutting measures.  Defendant inappropriately instituted a campaign of extreme micromanagement and consistently interfered with the attempted management of the project by the Plaintiff, to include disruption and interference in the activities of the general contractor, various sub-contractors, and suppliers.

14.    On or about April 21, 2005, upon the project's approximately forty-two percent (42%) completion, it became apparent to Plaintiff that specific and overall costs were not being reduced; thereby, the original estimate of three hundred and ninety-two thousand dollars ($392,000.00) would be impossible to reduce, even if exhaustive attempts to do so were implemented at that stage of construction activity.

15.     Conversely, Plaintiff evaluated the progress of the project upon the approximately forty-two percent (42%) completion mark, in order to make a determination as to why his projection did not indicate the success of the original cost estimate, not to mention the targeted completion cost.

16.     Plaintiff's evaluation as to the reasons that the original cost estimate would not realistically be met, Plaintiff determined that the impossibility to successfully execute the contract was a direct result of the negligent and wanton activities of the Defendant, specifically to include the breach of the specific contractual agreement for all parties to participate in the implementation of utilizing consistent cost-cutting measures.

17.     Plaintiff immediately took steps in order to prudently begin the process of mitigating costs.

18.     On or about July 14, 2005, Plaintiff implemented a work stoppage on said project to appropriately mitigate future costs and expenses as a direct result of the lack of payment by Defendant for work completed up to and including said date by Plaintiff.

19.     As of Plaintiff's work stoppage on or about July 14, 2005, for work performed to date, Defendant owed one hundred thirty seven thousand, one hundred ninety eight dollars and forty-nine cents ($137,198.49).  The total amount due at the time of said work stoppage represented the cost of labor, materials, subcontractor payments, and a 10% fee for improvements made to the building at the request of the Defendant.

20.     Defendant breached the contract by adamantly refusing to pay Plaintiff for work performed up to and including the date of the work stoppage.

4

21.    On or about August 16, 2005, Plaintiff properly filed a construction lien in the Probate Office in Montgomery County, Alabama, against Defendant's property, previously described herein.

22.    Plaintiff had no alternative but to file said construction lien in order to secure the indebtedness of one hundred thirty seven thousand, one hundred ninety eight dollars and forty-nine cents ($137,198.49) representing costs for labor and materials used for the benefit of the Defendant, as previously described herein.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

23.    Plaintiff adopts and incorporates paragraphs 1 through 22 above as if more fully set forth herein and further avers as follows:

24.    On or about October 23, 2004, Plaintiff and Defendant entered into a signed contractual agreement whereby Plaintiff agreed to immediately commence construction and repairs of the 9570 Vaughn Road, Pike Road, Alabama property owned by the Defendant Tender Care, to be fully financed by Defendant Bank.

25.    Plaintiff and Defendant agreed to specific terms of the contract as follows: "The contractor, *in coordination with the owner* must reduce the initial unit cost estimate to the guaranteed (*sic*) maximum price." (Original Agreement, Section 5.2.1)  Plaintiff avers that Defendant Bank was aware of said specific terms of the contract did knowingly and wantonly breach its required due diligence responsibility by refusing to actively engage Defendant to comply with said contractual obligations.

26.     Defendant breached said contract by demanding Plaintiff to implement additional improvements in lieu of specified reductions to the original plan, resulting in an increased cost of approximately twenty-five thousand dollars ($25,000.00).

27.     In conjunction with the cost of additional improvements, Plaintiff incurred certain unforeseen expenses that, according to section 7.6.3 of the contract were to be reimbursed by the Defendant from funds financed by Defendant Bank.

28.     Plaintiff further avers said contract was valid and in full-force and effect in which Plaintiff agreed to and further did commence work on Defendant Tender Care's aforementioned building for Defendant Tender Care's consideration of a promise to pay three-hundred thousand dollars ($300,000.00), financed by Defendant Bank.  Additionally, Defendant's Tender Care and Bank ignored and actively, maliciously and wantonly breached the specific terms added into said contract requiring parties to cooperate in achieving said targeted cost.

29.     Defendants adamantly refused to compensate Plaintiff for substantial additional unforeseen expenses; thereby leaving Plaintiff no alternative but to seek a legal remedy.  Plaintiff had no alternative but to obtain a labor lien on August 16, 2005 for costs expended on said project.

30.     Defendant demanded Plaintiff to perform additional construction work to a relative of an owner of Defendant and guaranteed payment out of the funds appropriated by Defendant Bank.  Said additional work completed by Plaintiff resulted in costs exceeding twelve hundred dollars ($1200.00) for labor and materials.  Defendant instructed Plaintiff to bill the business, but remains unpaid due to the refusal of the bank to release funds for work performed at an alternate location from the job site.  As a result the work performed for personal reasons caused Plaintiff to incur additional costs and lost time at the job site, which remains unpaid.

31.     In accordance with the terms of said contract, Plaintiff attempted to economize by using less expensive labor and materials; however, efforts by Plaintiff and Plaintiff's sub-contractors efforts were hampered by interference and lack of cooperation by Defendant Tender Care. Defendant has willfully and wantonly breached said contract by continuing to refuse to financially compensate Plaintiff for work, labor, and materials that Plaintiff has invested into the job site. Plaintiff has complied with all conditions precedent to employment contract.

32.     According to the *Civil Engineering Handbook* §. 5.8, construction contracts follow the "plain meaning rule" wherein words will be assigned their common meaning (Chen, *Civil Engineering Handbook* §5.8). Using any interpretation of the words employed in the agreement, it is obvious from the use of plain and unambiguous language that the parties were jointly and severally obligated to aid the other in mitigating the costs of repairs and construction of this building.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

33.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-32 of the Complaint as if set forth fully herein.

7

34.    The Defendant has no legitimate interest in, or right to the repairs and improvements the Plaintiff made to the Defendant's building, along with additions made by the Plaintiff to properly complete the job, including but not limited to the repairs made previously described herein. Therefore, in equity and good conscience, Defendant should not be allowed to retain or enjoy the actual and/or receive benefit from such improvements.

35.    As a result, the Defendant is liable for unjust enrichment and should be required to compensate the Plaintiff for work that has been done at the Defendant's property.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## THIRD CAUSE OF ACTION
## NEGLIGENCE AND WANTONNESS

36.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-35 of the Complaint as if set forth fully herein.

37.    The aforesaid injury to the Plaintiff occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendants, which consisted inter alia of the following particulars:

(1) The Defendant Tender Care's failure to keep construction costs down, by accepting changes to the construction plan recommended by the Plaintiff.

(2) The Defendant Tender Care's requirement that the Plaintiffs make additions to the original plan as specified in Paragraph 19 of this complaint.

(3) The Defendant Bank's refusal to aid and abet the Plaintiff in his effort to

collect money financed for the proper and safe completion of the building.

(4) The Defendant Tender Care's failure to provide the necessary permits for the proper completion of the project, as previously specified in this Complaint.

(5) The Defendant Tender Care's requirement that the Plaintiffs repair Pat Paterson's relative's personal residence.

(6) The Defendant Tender Care's requirement that the Plaintiffs complete Dutch drains on Pat Paterson's personal residence.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## FOURTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH CONTRACT

38.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-36 of the Complaint as if set forth fully herein.

39.    Plaintiff avers that the Defendant and the Plaintiff entered into a contractual agreement on or about October 23, 2004 for construction and repairs of the 9570 Vaughn Road, Pike Road, Alabama property owned by the Defendant.

40.    Plaintiff avers that the Defendant and the bank were aware of the contractual agreement between the Plaintiff and Defendant.

41.    Plaintiff avers that the Defendant interfered with the completion of the project, which consisted inter alia of the following particulars:

9

(1.)    The Defendant Tender Care's refusal to approve cost cutting measures or accepting changes to the construction plan as proposed by the Plaintiff in accordance with the original contract, making it impossible to complete the job for the original agreed upon price.

(2.)    The Defendant Tender Care's requirement that the Plaintiff incur additional costs for items such as those already mentioned in Paragraphs previously in this complaint, making completion of the project more time consuming and cost prohibitive.

(3.)    The Defendant's requirement that the Plaintiff perform work on the Defendant's owner's relative's residence, incurring additional cost, and resulted in causing the Plaintiff to fall behind the agreed upon schedule, due to no fault of Plaintiff.

42.    As a result of this behavior by the Defendant, it was impossible for the Plaintiff to complete the terms of the contract to his satisfaction within the agreed upon budget and time frame and was never paid the remainder of the contract, reimbursed for materials or additional fees and expenses.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

## FIFTH CAUSE OF ACTION
## CONVERSION

43.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-42 of the Complaint as if set forth fully herein.

10

44.    The Plaintiff avers that it provided material and labor during the course of the contract for the benefit of Defendant. When the Plaintiff initiated a work stoppage and left the job site, Plaintiff was unable to recapture materials already made part of the building and labor that was already employed in the construction thereof.

45.    Plaintiff avers that the Defendant used and benefited from the materials and labor for Defendant's own benefit without properly and equitably compensating Plaintiff.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

### SIXTH CAUSE OF ACTION
### FRAUD

46.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-45 of the Complaint as if set forth fully herein.

47.    This action is brought pursuant to the Code of Alabama 1975 §§ 6-5-100 and 6-5-101.

48.    Defendant had previously entered into agreements with an unknown number of general contractors who were apparently unable to complete the work as required for the price stated. The Defendant's had an advantage in the implementation of this project due to their recent experience dealing with it. Further Defendants knew or should have known that to invest in the substantial additional demands made by them would cause the Plaintiff to be unsuccessful in meeting said primary contractual requirements.

11

49.    Plaintiff's relied upon the representation made by Defendant in good faith and as a result, entered into said contract.  The reliance of the Plaintiff upon the representations made by the Defendant and other parties involved in said project, is justified in the totality of the circumstances .

50.    As a proximate result of said fraud, the Plaintiff was caused to suffer financially by purchasing various materials, and bearing the cost of labor that were provided by the Plaintiff for the benefit and enjoyment of the Defendant.

WHEREFORE, premises considered, Plaintiff respectfully requests judgment for such an amount of compensatory damages, punitive damages, interest, attorney's fees and other relief to which he is entitled and other costs deemed reasonable under the facts and circumstances of this case.

RESPECTFULLY SUBMITTED this 15th day of February 2006.

## **PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

RESPECTFULLY SUBMITTED this 15th day of February 2006.

ROBERT F. NELSON (NEL025)
Attorney for the Plaintiff

12

OF COUNSEL:

NELSON LAW LLC
25 South Court Street
Montgomery, Alabama 36104
Telephone No. (334) 834-5700
Facsimile No. (334) 834-5533

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of the same in the United States mail, first class postage prepaid and addressed as follows:

**Tender Care Veterinary Hospital, Inc.**
**c/o Pat Joyce-Patterson,**
**as Registered Agent**
**9570 Vaughn Road**
**Pike Road, AL 36064**

Done this the ___15th___ day of February, 2006.

ROBERT F. NELSON

STATE OF ALABAMA
MONTGOMERY COUNTY

I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the Complaint

on file in said office.

Witness my hand and the seal of said Court is hereto affixed, this the 15th day of February, 2006.

CIRCUIT CLERK

STATE OF ALABAMA
MONTGOMERY CO.
I CERTIFY THIS INSTRUMENT
WAS FILED ON

2006 FEB 15 PM 1: 27

REESE McKINNEY, JR.
JUDGE OF PROBATE

14