UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| PJ CONSTRUCTION & SERVICES, INC )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>TENDER CARE VETERINARY )<br>HOSPITAL, INC., FIRST TUSKEGEE )<br>BANK, et. al., ) | CASE NO. 2:06-cv-00401 WHA |

## RESPONSE TO ORDER TO SHOW CAUSE

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff, PJ Construction, through its undersigned attorneys, files this response to the Court's order and alleges the following:

This is an action for a Breach of Contract claim and related claims arising under the Constitution of the United States of America, as lawfully amended through federal question subject matter jurisdiction.

This Honorable Court has jurisdiction over the subject matter of the claims of this case pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1337(a). The Court further has supplemental jurisdiction over the subject matter of the state law causes of action pursuant to 28 U.S.C. § 1367(a).

Plaintiff contracted with the Defendant Tender Care for the construction of a veterinary hospital via renovation of an existing structure as well as new construction located in Montgomery County, Alabama. Defendant Bank funded this project through a loan obtained with Small Business Administration funds. At the time the Plaintiff was hired to complete Tender Care's structure, the Plaintiff was a customer of the Defendant Bank. Through the

normal scope of banking activity, the Defendant Bank was attempting to secure repayment of the construction loan made to Defendant Tender Care by actively soliciting the Plaintiff to complete the project. But for this act of solicitation, none of the events made reference to in the abovementioned complaint would have happened. The Plaintiff would not have entered into any agreements with the Defendant Tender Care thereby avoiding the breach of contract claims that ultimately led to the downfall of their business.

The United States Court of Appeals for the First Circuit has accepted subject matter jurisdiction for a federal question when a bank is involved, based on the nature of the transaction and activity giving rise to the alleged claims. <u>Nancy Isaac Burgos v. Citibank, N.A.</u> No. 04-2193 (1st Cir. 12/19/2005). The action of the Defendant Bank in soliciting the Plaintiff falls well within that category. The Defendant Bank was trying to protect their investment by attempting to effectuate the completion of the project to Tender Care Veterinary Hospital.

The actions that formed the basis of the original complaint have, indeed affected interstate commerce as applied by <u>United States v. Morrison</u> 592 U.S. 598 (2000). The second tier of Congress' power to maintain commerce, it allows Congress to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities, <u>Morrison</u> at 604. PJ Construction and Services was a construction company that worked in all of the Southeastern states, including but not limited to Alabama. Because of the events that made basis of this claim, they are no longer in operation. Thereby, interstate commerce has been affected by the activities of the Defendants, Tender Care and First Tuskegee Bank.

The governmentally funded financing of this project through a loan from the Small Business Administration (SBA), and the utilization of the monies received from the proceeds of

2

the loan, directly impact the commerce clause arising under the Constitution of the United States of America, as amended in that these funds could have been used in other areas.

Plaintiff acknowledges that this Honorable Court has full discretion to permit Pendent Claim Jurisdiction under 28 U.S.C. § 1367(a), and again requests that the Honorable Court accept Jurisdiction of the state based claims herein due to both the Bank's activity and the effect on interstate commerce. A separate action has been filed in the Circuit Court of Montgomery, CV-2006-435, to include those state based claims, a copy of which has been submitted to this Honorable Court by the Defendant Tender Care. Plaintiff avers that the State claims individually and cumulatively derive from a common nucleus of operative facts, as presented hereto. If pendent jurisdiction were granted under these grounds, the State Court claims would be combined and would be concluded with the Federal Claim.

The amount of damages and other relief sought in this case exceeds the minimum jurisdictional limit of this Honorable Court.

RESPECTFULLY SUBMITTED this 26th day of May, 2006.

    /s/ *Virginia R. Lucci*
VIRGINIA R. LUCCI (LUC 020)
Attorney for the Plaintiff

OF COUNSEL:

NELSON LAW LLC
25 South Court Street
Montgomery, Alabama 36104
Telephone No. (334) 834-5700
Facsimile No. (334) 834-5533

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of the same in the United States mail, first class postage prepaid and addressed as follows:

**Robert Ward, Esquire**
Attorney for First Tuskegee Bank
Rushton, Stakely, Johnston & Garrett
PO Box 270
Montgomery, Alabama 36101-0270

**Bob Allen, Esquire**
Attorney for Tender Care Vet Hospital
PO Box 908
Millbrook, AL 36054-0908

Done this the _____ day of May, 2006.

_____
VIRGINIA R. LUCCI