IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PJ CONSTRUCTION & SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06CV401-WHA |
| ) | (WO) |
| TENDER CARE VETERINARY ) | |
| HOSPITAL, INC., FIRST TUSKEGEE ) | |
| BANK, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This cause is before the court on the Plaintiff's Response to this court's Order to show cause why the case ought not be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and if a case does not come within the limited grant of power to the federal courts derived from Article III of the United States Constitution and from the legislative acts of Congress, a federal court does not have the power to hear or determine that case. See Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Thus, absent jurisdiction over the subject matter of the plaintiff's claims against a defendant, the court must dismiss the plaintiff's claims. See Fed. R. Civ. P 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

In its response to the court's Order to show cause why the case ought not be dismissed, the Plaintiff states that this court has federal question subject matter jurisdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331.

There is no claim asserted in the Complaint in this case that any federal law has been violated. There are only claims for violation of state law. The Plaintiff contends that the nature of the banking transaction at issue dictates that there is federal question jurisdiction in this case. The case upon which the Plaintiff relies, however, <u>Burgos v. Citibank, N.A.</u>, 432 F.3d 46, 47 (1st Cir. 2005), analyzed federal question jurisdiction under 12 U.S.C. § 632, which confers original jurisdiction upon district courts to hear civil actions involving banking in a dependency or insular possession of the United States. There is no basis for concluding that § 632 applies in this case. Furthermore, the Plaintiff's mere reference to interstate commerce is not sufficient to establish that the state law claims alleged in this case arise under the Constitution, laws, or treaties of the United States. <u>See</u> <u>Dunlap v. G&L Holding Group, Inc.</u>, 381 F.3d 1285, 1290 (11th Cir. 2004) (stating that a state-law claim must "really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law" to create federal question jurisdiction). The Plaintiff has not established that there is any substantial question of federal law in this case.

Accordingly, it is hereby ORDERED as follows:

1. The case is DISMISSED without prejudice for lack of subject matter jurisdiction.

2. The pending motions to dismiss (Doc. #'s 9, 10) are DENIED as moot.

Done this the 30th day of May, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE